UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DWAINE HINES
Plaintiff,

CIVIL ACTION NO.

v.

VULCAN TOOLS COMPANY
Defendant.

## I  INTRODUCTION

1. This is a civil action brought pursuant to Title VII of the 1964 Civil Rights Act, 42. U.S.C. Section 2000(e) et seq. seeking damages against Defendant for committing acts in violation of the federal and state laws that guarantee Plaintiff equal protection of the law and freedom from employment discrimination.

## II JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's federal statutory claims for redress, are conferred on the Honorable Court by 28 U.S.C. Section 1343. Federal question jurisdiction is conferred on this Honorable Court by U.S.C.

1

Section 1331 because this action arises under the laws of the United States. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. Section 13676 to adjudicate pendant claims arising under the laws of the State of New Jersey N.J.S.A. 10:5 -1 et seq.

3. Venue is proper in this court under 28 U.S.C. Section 1931(b) because the incidents at issue occurred in New Jersey.

### III            PARTIES

4. Plaintiff, Dwaine Hines, (hereinafter referred to as "Ms. Hines") is an American male, citizen of African –American ancestry and a resident of Newark, New Jersey. Also, he is a former employee of Vulcan Tool Company.

5. Defendant, Vulcan Tool is a private corporation that constructs, builds and manufactures tools and tool parts for businesses in New Jersey and throughout the United States.

6. This civil action is brought against Vulcan Tool Company in its capacity as an "employer" within the meaning of 42 U.S. C. Section 2000(e), (b) and (2)(a)(1)

### IV. STATEMENT OF FACTS

7. Mr. Dwaine L. Hines is an African American male and he is 57 years old. He became employed with Vulcan Tools Company, Inc. ('Vulcan' or 'the company') in July 2011.

8. Mr. Hines was hired as a 'set up man' machinist and his job is basically to craft parts for large, complex machines, which is a principle part of the business of Vulcan Tools. Vulcan employees perform other duties like only machine operators but Mr. Hines does his own set up and operation and inspection of all his work.

9. At the beginning of his employment Mr. Hines was told by the owner, Mr. Hellman, that he could gain greater compensation 'if he worked hard'.

10. Mr. Hines has never had a formal performance review at Vulcan. It is not Vulcan's practice to periodically or even annually evaluate the performance of its employees. A non performing employee is usually fired.

11. Mr. Hines has seen many employees fired by Vulcan. However, the owner of Vulcan, who serves as the principle on-site manager, has stated to Mr. Hines that his performance is good. Mr. Hines has never been laid off by the company. In addition, Mr. Hines has never had any complaints about his work or his job performance being improper or not up to standards.

12. In the industry, 'Set Up Men' are generally paid $22- $24 dollars an hour. However, Mr. Hines' compensation at Vulcan is only $17.75 per hour. Mr.

Hines believed that he was being under paid for the work he was doing. Other employees where making more ($22 - $24 dollars per hour) than he was making for performing the same tasks. The other employees who were being paid more than Mr. Hines for performing less skilled work.

13. Moreover, Mr. Hines is not being paid 'overtime' for time that he works beyond the basic 40 hours. Other employees, all white are paid overtime for working beyond the basic 40 hours.

14. He complained to the Owner, Mr. Anton Hellman in 2012 about the compensation situation. He was informed by Mr. Hellman that he could not be and would not be given a raise. Mr. Hellman has made comments about the superiority of non-American workers and the poor quality of American workers.

15. Mr. Hines has never received a promotion at Vulcan. To the best of Mr. Hines knowledge, Vulcan does not have any policy on promotion. Basically, there is no promotion in the company

16. In January 2015 Mr. Hines specifically requested that his compensation be upwardly adjusted and/or equalized with other white employees, and that he be paid appropriately. Moreover, he requested a pay increase. He was not given a pay increase.

17. In December 2015 Mr. Hines was laid off from his employment by Vulcan. This lay off is the only adverse employment action that the company has taken against Mr. Hines since 2011.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### Discriminatory Wrongful Discharge
### 42 U.S.C. Section 2000(e)-2(a)(1)

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. Defendants intentionally denied Mr. Hines the same rights and protections guaranteed by Title VII of the Civil Rights Act of 1964 to the equal benefits of all laws and proceedings for the security of persons and property, as is provided to white co-workers. Defendants intentionally violated Mr. Hines' right to be free from continuous abusive, offensive and humiliating actions and patterns of actions designed to offend and humiliate him. Defendants engaged in actions that altered the terms and condition of Plaintiff's employment.

20. Defendants refused to address the instant issue of disparate treatment, and any other adverse employment actions.

21. The actions taken by Vulcan Tool Company denying Mr. Hines freedom from arbitrary and race based termination was done because of Mr. Hines

    race and because of his history of complaining of his lack of salary advancement.

22. There is a direct nexus between Defendants actions and decisions and Plaintiff continuous complaints about under payment of salary. There is also a direct nexus between the abusive, hostile and offensive actions of Defendant and Plaintiffs loss of a positive productive and gainful experience at his place of employment.

23. As a direct and proximate result of the actions of Vulcan Tool Company management, Mr. Hines suffered lost wages and other economic losses and other compensation such as benefits and contributions to his pension funds and will continue to suffer severe damages and injuries including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to his professional reputation.

**WHEREFORE,** Plaintiff demands judgment against Defendant and the following relief:

A An award of equitable relief for lost wages, compensation, future lost earnings, economic losses, pre and post judgment interest and any other affirmative relief that may be deem appropriate at trial, and

B An award of pecuniary compensatory damages for the emotional injuries and suffered as a direct result of Defendant's unlawful conduct including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to his professional reputation, and

C An award of the disbursements, costs, expenses, expert witness fees' incurred by Plaintiff in bringing this action, and

D Such other relief as the court deems proper and just.

## COUNT II
## THE NEW JERSEY LAW AGAINST DISCRIMINATION
## DISCRIMINATORY DISCHARGE

N.J.S.A 10:5 – 1 et seq.

24. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

25. Defendant intentionally denied Mr. Hines the same rights and protections guaranteed by the New Jersey Constitution and the New Jersey Law Against Discrimination (LAD) to the equal benefits of all proceedings for the security of persons and property as enjoyed by white co-workers. Defendant's intentionally violated Mr. Hines right to be free from continuous abusive, offensive and humiliating actions and patterns off actions designed to offend and humiliate him.

Defendants engaged in actions that altered the terms and conditions of Plaintiff's employment.

26. Defendants refused to address the issues of abusive, offensive and humiliating conduct by managers and reprisals and other actions in the workplace that undermined Plaintiff's performance.

27. The actions taken by Vulcan Tool Company denying Mr. Hines gainful employment and the right to pursue additional compensation was a violation of his right to be treated the same and all his many other co-workers.

28. There is a direct nexus between Defendants actions and decisions and the denial of Plaintiff's requests for a fair and equal opportunity to advance his position and increase his compensation.  There is also a direct nexus between the abusive, hostile and offensive actions of Defendant and Plaintiff's loss of a positive, productive and gainful experience at his place of employment.

29. As a direct and proximate result of the actions of Vulcan Tool Company Mr. Hines has suffered lost wages and other economic losses and other compensation such as benefits and contributions to his pension funds and will continue to suffer severe damages and injuries including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to his professional reputation.

**WHEREFORE,** Plaintiff demands judgment against Defendant and the following relief:

A. An award of equitable relief for lost wages, compensation, future lost earnings, economic losses, pre- and post judgment interest and any other affirmative relief that may be deemed appropriate at trial, and

B. B An award of pecuniary compensatory damages for the emotional injuries suffered as a direct result of Defendant's unlawful conduct including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to his professional reputation, and

C. An award of the disbursements, costs, expenses, expert witness fees, incurred by Plaintiff in bringing this action, and

D. Such other relief as the court deems proper and just.

## COUNT III
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866
### Discriminatory Discharge
### 42 U.S.C. Section 1981

30. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

31. In terminating Plaintiff's employment, Defendant has discriminated against Plaintiff on account of his race in violation of the Civil Rights Act of 1866, 42 U.S.C. Section 1981 et seq.

32. By engaging in the above referenced conduct, Defendant violated Plaintiff's right to be free of discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. Section 1981 et seq. Defendant ended Plaintiff's employment for discriminatory and unjustified reasons because Defendant did not want to provide Plaintiff with a raise in salary equal with that provided to white co- workers for the same similar or equivalent work.

33. As a direct and proximate result of Defendant's willful violation of the Civil Rights Act pf 1866, Plaintiff has suffered a loss of wages and benefits, a lifetime health benefit, compensation for unused sick leave and significant emotion distress damage.

**WHEEFORE,** Plaintiff demands judgment against the Defendant and in favor of Plaintiff for the following relief:

A. An award of equitable relief for lost wages, compensation, future lost earnings, economic losses, pre- and post judgment interest and any other affirmative relief that may be deemed appropriate at trial, and

B. An award of pecuniary compensatory damages for the emotional injuries that are suffered as a direct result of the Defendant's unlawful conduct

including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to his professional reputation: and

C. An award of the disbursements, costs, expenses, expert witness fees' incurred by Plaintiff in bringing this action; and

D. Such other relief as the court deems proper and just.

## COUNT IV
### THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### 42 U.S.C. Section 1983

34. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

35. Defendant intentionally denied Mr. Hines the same rights and protections guaranteed by the United States Constitution to the equal benefits of all laws and proceedings for the security of persons and property, as enjoyed by white co-workers. Defendants intentionally violated Mr. Hines right to the equal protection of the law based on race.

36. Defendant Anton Hellman, is the owner of Vulcan Tool Company and at all relevant time's dad the authority to evaluate the work performance of Mr.

11

Hines and to promote him. Further Mr. Anton Hellman had the responsibility as the owner, to protect Mr. Hines from unlawful, biased, racist and unfair practices and actions. Mr. Anton Hellman singled out Mr. Hines for intimidation, biased and unfair treatment denial of appropriate work assignments which employee of Vulcan Tool Company not members of Plaintiffs protected class were given promotions, offered advancement and not treated in a biased and inappropriate and unfair manner by Mr. Anton Hellman. Defendants conduct operated to deprive Plaintiff of an important federal rights, equal protection.

37. Defendant's conduct violated 42 U.S.C. Section 1983.

38. There is a direct nexus between Plaintiff's requests for advancement and additional compensation and Vulcan Tools Company's actions to remove Mr. Hines from his employment.

39. As a direct and proximate result of the actions of the Defendant, Mr. Hines, Plaintiff has suffered lost wages and other economic losses and other compensation such as benefits and bonuses and will continue to suffer severe damages and injuries including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress, inconvenience and damage to his professional reputation.

**WHEREFORE,** Plaintiff demands judgment against Defendant and the following relief:

A  An award of equitable relief for lost wages, compensation, future lost earnings, economic losses, pre and post judgment interest and any other affirmative relief that may be deemed appropriate at trial, and

B  An award of pecuniary compensatory damages for the emotional distress injuries he suffered as a direct result of Defendant's unlawful conduct including, but not limited to, humiliation, loss of self-esteem, embarrassment, hurt, fear, frustration, emotional distress,, inconvenience and damage to his professional reputation; and

C  An award of the disbursements, costs expenses, expert witness fees' incurred by Plaintiff in bringing this action; and

D  Such other relief as the court deems proper and just.

**No Jury Demand is asserted and Plaintiff seeks a Bench Trial**

**Respectfully submitted,**

_Dwaine L. Hines_
**Dwaine L. Hines, Pro Se**
80 Weequahic Avenue
Newark, New Jersey 07112